**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KELBY S. YOON,
          Appellant,

        v.

DEPARTMENT OF THE ARMY,
          Agency.

DOCKET NUMBER
PH-0752-17-0074-I-1

DATE: April 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kelby S. Yoon</u>, Abingdon, Maryland, pro se.

<u>W. Clay Caldwell</u>, Esquire, Aberdeen Proving Ground, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal from the agency and found that he did not meet his burden

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

of proving the raised affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED regarding the penalty analysis, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant worked for the agency as a Chemist, GS-1320-12. Initial Appeal File (IAF), Tab 5 at 11. This position is classified as emergency-essential because it supports the agency's mobilization and wartime mission. *Id.* at 29. On December 10, 2012, the appellant signed the required Department of Defense Civilian Employee Overseas Emergency-Essential Position Agreement (DD Form 2365), which states in relevant part, "[p]erformance of the duties of this position during a crisis situation or wartime will require that you relocate (TDY or PCS) to a duty station in an overseas area." *Id.* at 26, 30. Moreover, the appellant's position description states, among other requirements, that he must be able to pass annual deployment and occupational medical examinations; be responsible for ensuring no medical condition would prevent deployment; and be capable for emergency worldwide deployment for response to chemical,

biological, and accidental incidents, 24 hours a day, 365 days per year. *Id.* at 30-31.

¶3 On October 5, 2015, the agency conducted a fitness-for-duty examination on the appellant. *Id.* at 25. The agency's medical doctor diagnosed the appellant with a temporary "chronic medical condition that is not adequately controlled," and noted the possibility of an "undiagnosed serious health condition." *Id.* The doctor recommended the appellant undergo additional examination and not have access to "Chemical Warfare Agents, Biological Select Agents and Toxin, or classified information." *Id.* Based on these recommendations, the agency placed the appellant on administrative leave, effective November 23, 2015. *Id.* at 22-24.

¶4 The appellant underwent a second fitness-for-duty examination in April of 2016. *Id.* at 21. The agency's medical doctor diagnosed the appellant with a permanent "significant medical condition," rendering him permanently unable to deploy. *Id.* The doctor also determined that the appellant was not medically fit to hold a security clearance and that he "would be at increased risk and would potentially pose a risk to coworkers if he were to have access to chemical and biological agents of military interest." *Id.* As a result, effective November 12, 2016, the agency removed the appellant due to his medical inability to maintain the requirements set forth in his DD Form 2365, a condition of employment for the Chemist position that he held. *Id.* at 11-15, 26, 30.

¶5 On November 14, 2016, the appellant filed a Board appeal contesting his removal from the agency. IAF, Tab 1. In his initial appeal, the appellant made no mention of any affirmative defense. *Id.* The appellant did not request a hearing, prompting the administrative judge to issue an order setting January 20, 2017, as the close of the record. IAF, Tab 1 at 3, Tab 6 at 1. In this order, the administrative judge did not identify the issues for adjudication, outline requisite burdens, or address any other matter. IAF, Tab 6 at 1. On January 9, 2017, the appellant responded to the close of the record order and alleged that the agency did not follow the procedures in 5 C.F.R. part 339, Medical Qualification

Determinations, during his medical examination process; claimed that the agency violated 29 C.F.R. part 1601, Procedural Regulations; and appeared to allege some form of disability discrimination. IAF, Tab 7 at 4-5. The agency did not respond and the administrative judge never issued an affirmative defense order apprising the appellant of his burdens of proving such defenses.

¶6    On August 10, 2017, the administrative judge issued an initial decision on the written record, affirming the appellant's removal, finding that the agency met its burden of proving the charge, a nexus between the charge and the efficiency of the service, and the reasonableness of the penalty. IAF, Tab 11, Initial Decision (ID) at 3-8, 15-16. The administrative judge also found that the appellant raised the affirmative defenses of harmful procedural error and disability discrimination; however, did not meet his burden of prevailing on either. ID at 9-15.

¶7    The appellant then filed a petition for review, arguing that: (1) the administrative judge erred because he categorized his alleged disability as physical and not mental; (2) the agency did not identify his medical condition; (3) the administrative judge misallocated the burdens of proof; and (4) the agency did not follow procedures outlined in 5 C.F.R. part 339. Petition for Review (PFR) File, Tab 1 at 4-5. The agency responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW
The administrative judge appropriately determined that the agency proved the charge and a nexus between the charge and the efficiency of the service.

¶8    We agree with the administrative judge's findings in the initial decision that the agency proved by preponderant evidence the charge and a nexus between the charge and the efficiency of the service. ID at 3-8. These findings are well reasoned and supported by the evidence of record. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings in the initial decision when she considered the evidence, drew appropriate inferences, and made reasoned conclusions).

¶9       On review, the appellant argues that the agency failed to identify his medical condition.  PFR File, Tab 1 at 4.  The appellant did not raise this issue during the adjudication of his appeal before the administrative judge.  The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  There has been no showing of these circumstances; thus, we need not consider the appellant's argument.

¶10      Even if we were to consider the appellant's argument, the agency explains in its response to the petition for review that for privacy purposes, it limited the information regarding the appellant's medical condition in the relevant documentation.  PFR File, Tab 3 at 5.  A review of the record reveals that the appellant was aware of his medical diagnoses referenced by the agency and the agency's concern with him being unable to meet a necessary condition of employment.   The agency listed the dates of the appellant's medical examinations, where each took place, the doctor's name, and provided the memos.  IAF, Tab 5 at 16, 21-22, 25.  Moreover, the appellant references a "psychological interview" in his pleading and in his petition for review, and states that the agency diagnosed him with a "mental condition."  IAF, Tab 7 at 4; PFR File, Tab 1 at 4.  The appellant's argument is not supported by the evidence and provides no basis to overturn any portion of the initial decision.

<u>The administrative judge's penalty analysis in the initial decision must be modified; however, the appellant's removal is still proper.</u>

¶11      In the initial decision, the administrative judge analyzed the appellant's removal penalty as a disciplinary action.  ID at 15-16.  The appellant's removal from the agency based on medical inability to maintain a requirement of his position was non-disciplinary in nature and not intended to reflect negatively on his service to the agency.  IAF, Tab 5 at 13.  Therefore, the traditional penalty analysis from *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), does

not apply.[3] *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014) (finding that the *Douglas* factors did not apply in determining the reasonableness of the penalty when a removal action was based on a physical inability to perform), *overruled on other grounds by Haas v. Department of Homeland Security*, 2022 MSPB 36.

¶12　　　The proper standard for determining the penalty in this matter is whether it exceeded "the tolerable limits of reasonableness," and such a determination should be based solely on the medical evidence. *Brown*, 121 M.S.P.R. 205, ¶ 18. In this appeal, the appellant's medical condition is permanent in nature. IAF, Tab 5 at 21. The medical documentation supporting this is unrebutted, leading to the conclusion that the appellant's removal was reasonable. *See McPherson v. U.S. Postal Service*, 48 M.S.P.R. 624, 633-34 (1991) (holding that removal was reasonable for an employee whose physical condition rendered him incapable of performing the duties of his position).

¶13　　　Generally, when an employee cannot perform the essential functions of his position due to a medical condition, the Board will examine whether this is true with or without a reasonable accommodation and whether the agency has any vacant funded positions to which it can assign the appellant within his restrictions. *See Brown*, 121 M.S.P.R. 205, ¶ 19. There is no indication that the appellant could have performed the essential functions of the position he occupied with or without a reasonable accommodation or that the agency had a vacant funded position to which the appellant could have been reassigned. The appellant has not argued otherwise. Nor has the appellant demonstrated that he sought a reasonable accommodation or provided the agency with information concerning his ability to work in another position. Consequently, the agency's removal penalty is appropriate.

---

[3] In *Douglas*, the Board articulated a non-exhaustive list of factors relevant to the penalty determination in a disciplinary action. *Douglas*, 5 M.S.P.R. at 305-06.

<u>The administrative judge correctly found that the appellant failed to meet his burden of proving the raised affirmative defenses.</u>

¶14    As an initial matter, the Board requires that during the adjudication of an appeal, an administrative judge is to apprise an appellant of the applicable burdens of proving raised affirmative defenses, as well as the kind of evidence that an appellant is required to produce to meet his burden. *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 8 (2008).  When an administrative judge fails to do so, the Board typically remands the appeal so an appellant can be afforded such notice and an opportunity to submit evidence and argument under the appropriate standard. *Id.*  However, an administrative judge's failure to provide an appellant with this notice can be cured if the initial decision puts an appellant on notice and affords the appellant an opportunity to meet his burden for the first time on review. *See Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008).

¶15    In this case, the initial decision describes the appellant's burden in proving the affirmative defenses of harmful procedural error and disability discrimination. ID at 9-15.  Furthermore, the initial decision explains the types of evidence that the appellant would have had to set forth in order to prevail.  *Id.*  In his petition for review, the appellant does not attempt to argue that he met his burden in proving either raised affirmative defense. PFR File, Tab 1 at 4-5.  As a result, to the extent that the administrative judge erred by not providing the appellant notice regarding his burdens on the raised affirmative defenses, it has been cured. *See Milam v. Department of Agriculture*, 99 M.S.P.R. 485, ¶ 10 (2005).

¶16    Regarding the merits of the appellant's affirmative defenses, the administrative judge correctly determined in the initial decision that the appellant failed to meet his burden of proving that the agency committed a harmful procedural error or discriminated against him based on a disability.  ID at 9-15.  We discern no reason to disturb these supported and reasoned conclusions. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (holding that the Board will not disturb conclusions made by the

administrative judge when supported by evidence and the inferences are appropriate).

¶17     The appellant claims on review that the administrative judge considered his alleged disability as physical rather than mental. PFR File, Tab 1 at 4. While the administrative judge makes references to the appellant's alleged disability as physical in the initial decision, this was not dispositive as to the finding that the appellant failed to meet his burden of proving the agency discriminated against him based on a disability. ID at 10, 12. The initial decision reflects that the administrative judge considered the entire record when reaching this conclusion and applied the appropriate standard. ID at 10-15. When the initial decision was issued, there was nothing in the record outlining the specifics of the appellant's alleged disability. The appellant also fails to provide any details on his disability status in his petition for review. PFR File, Tab 1.

¶18     On review, the appellant also raises a claim that the agency violated 5 C.F.R. part 339. *Id.* at 4-5. Specifically, he alleges that the medical documentation considered by the agency in his removal proceedings is not from a proper medical professional. *Id.* It is unclear if this is the same allegation that the appellant raised before the administrative judge. IAF, Tab 7 at 4. Notwithstanding, the medical documentation relied on by the agency consists of findings issued by a medical doctor with a master's degree in public health. IAF, Tab 5 at 21, 25. Thus, the medical documentation and the agency physician who examined the appellant both meet the criteria set forth in 5 C.F.R. § 339.104.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

         /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.